THOMAS P. O'BRIEN
United States Attorney
CHRISTINE C. EWELL
Assistant United States Attorney
Chief, Criminal Division
STEPHEN A. CAZARES (SBN 201864)
Assistant United States Attorney
Major Frauds Section
    1100 United States Courthouse
    312 North Spring Street
    Los Angeles, California 90012
    Telephone: (213) 894-0707
    Facsimile: (213) 894-6269
    Email: Steve.Cazares@usdoj.gov

Attorney for Plaintiff
United States of America

UNITED STATES DISTRICT COURT

FOR THE CENTRAL DISTRICT OF CALIFORNIA

WESTERN DIVISION

| | |
|---|---|
| UNITED STATES OF AMERICA, | CASE NO. 07-1037-R |
| Plaintiff, | [PROPOSED] ORDER RE: RESTITUTION FUNDS |
| v. | |
| ROBERT NEMAN, | Hearing Date: June 30, 2008 |
| Defendant. | Time: 1:30 p.m. |

    BASED UPON THE STIPULATION OF THE INTERESTED PARTIES, THE COURT FINDS AS FOLLOWS:

    1.    On September 26, 2007, defendant Robert Neman ("defendant") was charged with one-count of mail fraud in violation of Title 18, United States Code, Section 1341, in an information filed in this district, CR No. 07-1037.  The one-count information was filed pursuant to a plea agreement executed by defendant and his attorney.

2.   On October 4, 2007, defendant paid $350,600 to the United States Attorney's Office, Financial Litigation Unit, in anticipation of the Court's ultimate order of restitution in this case. The funds are now on deposit with the Clerk's Office awaiting the Court's final order of restitution.

3.   On November 6, 2007, defendant appeared before this Court for his change of plea hearing under Rule 11 of the Federal Rules of Criminal Procedure. Defendant was sworn, advised of his constitutional rights and the statutory maximum penalty for the instant charge, established a factual basis for his plea, and entered a plea of guilty to the one-count information. Defendant's guilty plea was found to be knowing and voluntary, and the Court accepted defendant's guilty plea.

4.   Under the terms of defendant's plea agreement, defendant agreed to pay restitution in the amount of $350,600 under the Mandatory Victim Restitution Act, 18 U.S.C. § 3663A ("MVRA"). The $350,600 constitutes the total amount of laser printer rebate checks paid by Hewlett Packard Company in response to false rebate applications submitted to Hewlett Packard Company by defendant and his co-schemers in the course of the mail fraud scheme that is the subject of the instant information and plea agreement.

5.   On April 21, 2008, the Court imposed a suspended sentence in this case and placed defendant on probation for a term of five years, including a condition that defendant perform 2,500 hours of community service. The Court further

ordered defendant to pay: a special assessment of $100; a criminal fine of $10,000; and restitution in the amount of $350,600.

6. On April 21, 2008, the Court expressed concern on the record as to whether Hewlett Packard Company qualifies as the appropriate "victim" of the charged offense conduct under Section 3663A(a)(2) of the MVRA. In response to the Court's concern, the government proffered facts from the investigation and argued that Hewlett Packard is an appropriate "victim" under the MVRA, if not the only possible victim. The Court continued final determination of restitution to June 30, 2008.

7. The Magic Johnson Foundation ("The Foundation") was founded in 1991 and works to develop programs and support community based organizations that address the educational, health, and social needs of urban communities, including Los Angeles. The Foundation is a non-profit organization under Section 501(c)(3) of the Internal Revenue Code. Among the many programs it operates, The Foundation has opened several centers to provide after school programs for youths aged 6-18, including tutoring, recreation, and access to computer technology in and around Los Angeles. The centers also provide adult services such as job training and access to computer technology. Putative victim Hewlett Packard Company has partnered with The Foundation in the past.

8. With the above stipulations and the consent of putative victim Hewlett Packard Company, the government and

defendant agree to the payment of restitution pursuant to 18 U.S.C. § 3663A(a)(3), therefore:

FOR GOOD CAUSE SHOWN, IT IS HEREBY ORDERED that:

9. The $350,600 deposited with the government and the Clerk's Office by defendant in anticipation of the Court's final order of restitution in this case shall be directed to benefit the community in and around Los Angeles through The Foundation;

10. In order to effect the distribution of the $350,600 in restitution money to the benefit of The Foundation and the non-profit organizations it supports, the full $350,600 in restitution money shall be paid to Hewlett Packard Company in accord with the plea agreement in this case, the Court's April 21, 2008 order of restitution pending identification of the proper recipient, and this Order, which shall be incorporated into the final order of restitution in this case;

11. Upon its receipt of the $350,600 restitution payment, Hewlett Packard Company will effect the payment of the $350,600 to The Foundation for use in its grant program for the benefit of non-profit organizations that serve the public good; and

12. Not later than 90 days from its receipt of the $350,600 in restitution funds, Hewlett Packard Company will provide the government with documentary evidence confirming that it has remitted the $350,600 to The Foundation in accord with the stipulation of the parties, this Order, and the final

order of restitution in this case.  The government shall thereafter notify the Court upon its receipt of confirmation that Hewlett Packard Company has complied with its obligations in this matter.

    IT IS SO ORDERED.

DATED: _____      _____
                                                        THE HONORABLE MANUEL L REAL
                                                        United States District Judge